OPINION
{¶ 1} Defendant-appellant Forest River, Inc. ("Forest River") appeals the February 13, 2003 Judgment Entry of the Tuscarawas County Court of Common Pleas, which granted motions for reconsideration and partial summary judgment filed by plaintiffs-appellees Jeffrey W. Lesjak, et al. Forest River also appeals the trial court's April 3, 2003 Judgment Entry, which awarded appellees $75,297.44 in monetary damages as well as attorney fees.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On or about March 13, 1998, appellees entered into a consumer credit transaction for the purchase of a 1998 Georgetown motor home. Appellees purchased the vehicle from RV American, Inc. ("RV American").[1]
Forest River, an Indiana Corporation, manufactured the vehicle.
 {¶ 3} On March 26, 1998, appellees returned the vehicle to RV American due to problems they were having with the vehicle's windows leaking. RV American returned the vehicle to Forest River for repair. Appellees reclaimed the vehicle on March 31, 1998. Appellees returned the vehicle for similar leakage problems on April 13, 1998, April 18, 1998, and October 16, 1998. On April 20, 2000, and in June, 2000, appellees returned the vehicle to Forest River directly for repairs to the leaking windows. According to appellees' affidavit, when appellees returned the vehicle on March 26, 1998, April 13, 1998, and April 30, 1998, they specifically complained of the window in the rear bedroom of the vehicle. The repairs performed by Forest River when appellees returned the vehicle directly to the factory dealt exclusively with the cab passenger window. Forest River was able to address and repair the cab passenger window leaks, however, the manufacturer was unable to duplicate the leaks in the rear bedroom window. On July 19, 2000, appellees sent a demand to replace the subject motor vehicle with a comparable unit pursuant to R.C. 3145.72(B). When Forest River refused to comply with their demand, appellees filed the instant action on September 22, 2000.
 {¶ 4} Forest River filed a motion for summary judgment, asserting the window defect was not covered by Ohio's lemon law. The trial court agreed and granted summary judgment in favor of Forest River. Appellees appealed to this Court, which reversed and remanded in Lesjak v. ForestRiver, Tusc. App. No. 2001AP10093, 2002-Ohio-3580.
 {¶ 5} Upon remand, appellees filed a Motion for Reconsideration of Summary Judgment on July 31, 2002. The trial court conducted a hearing on the motion and requested counsel for the parties file respective memorandum of law. Via Judgment Entry dated February 13, 2000, the trial court granted appellees' motion for partial summary judgment. The trial court scheduled a hearing on the issue of statutory damages for February 26, 2003. At the hearing, the parties stipulated to the amount of statutory damages and attorney fees. Forest River examined appellee Jeffrey Lesjak regarding his and his wife's use of the motor vehicle before and after the filing of the original complaint. Via Judgment Entry filed April 3, 2003, the trial court awarded appellees statutory damages in the amount of $75,296.44 as well as attorney fees.
 {¶ 6} It is from the February 13, 2003, and the April 3, 2003 Judgment Entries Forest River appeals, raising the following assignment of error:
 {¶ 7} "I. The trial court erred by granting summary judgment to appellees, as material factual disputes existed concerning appellees' evidence of a lemon law claim under O.R.C. 1345.71 et seq."
 STANDARD OF REVIEW {¶ 8} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36.
 {¶ 9} Civ.R. 56(C) states, in pertinent part:
 {¶ 10} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 11} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
 {¶ 12} It is based upon this standard we review appellant's assignment of error.
 I. {¶ 13} Forest River breaks down its argument into three issues. The first issue is whether a genuine issue exists as to the nature of "substantial impairment" necessary to establish an actionable nonconformity. The second issue is whether the trial court erred in finding a motor home falls within the auspices of the lemon law. The final issue is whether the trial court erred in failing to distinguish between the alleged defect in the rear bedroom window and the defect in the cab passenger window. We shall address each in turn.
 ISSUE I {¶ 14} Under Ohio's lemon law a motor vehicle manufacturer has a duty to repair non-conforming new vehicles.
 {¶ 15} R.C. 1345.71(E) defines "nonconformity" as follows:
 {¶ 16} "(E) "Nonconformity" means any defect or condition that substantially impairs the use, value, or safety of a motor vehicle to the consumer and does not conform to the express warranty of the manufacturer or distributor.
 {¶ 17} R.C. 1345.72(B) provides:
 {¶ 18} "(B) If the manufacturer, its agent, or its authorized dealer is unable to conform the motor vehicle to any applicable express warranty by repairing or correcting any defect or condition that substantially impairs the use, safety, or value of the motor vehicle to the consumer after a reasonable number of repair attempts, the manufacturer shall, at the consumer's option, and subject to division (D) of this section replace the motor vehicle with a new motor vehicle acceptable to the consumer or accept return of the vehicle from the consumer and refund each of the following:
 {¶ 19} "(1) The full purchase price including, but not limited to, charges for undercoating, transportation, and installed options;
 {¶ 20} "(2) All collateral charges, including but not limited to, sales tax, license and registration fees, and similar government charges;
 {¶ 21} "(3) All finance charges incurred by the consumer;
 {¶ 22} "(4) All incidental damages, including any reasonable fees charged by the lender for making or canceling the loan."
 {¶ 23} Forest River asserts a genuine issue of material fact exists as to whether the non-conformity substantially impaired the use, value, or safety of the motor home. Forest River contends appellees' averments in their affidavit their ability to resell or trade in the vehicle was diminished as a result of the non-conformity, and their use of the vehicle had been effected as a result of the same, are insufficient. We disagree. "It is clear * * * whether the use, safety or value of the motor vehicle is substantially impaired is to be determined according to a subjective standard." Rothermel v. Safari Motor Coaches, 1994 WL 1029332 (N.D. Ohio January 4, 1994).
 {¶ 24} In the affidavit filed in support of their motion for partial summary judgment, appellees averred:
 {¶ 25} "11. The defects in this motor home have substantially affected the use of it by us. It has severely diminished our ability to resell or trade-in the vehicle due to its substantial repair history. It did not and does not fulfill one of its primary functions, and that is to provide us shelter from the elements. We constantly are concerned about the hidden water damage that May have taken place in the structure.
 {¶ 26} "12. Travel by the motor home has been, historically, and is our primary source of recreation, and that has been greatly diminished by the many problems experienced in this motor home."
 {¶ 27} Forest River has failed to present any evidence to refute appellees' claims of substantial impairment.[2] We find appellees' affidavit sufficient evidence from which the trial court could conclude the non-conformity of the vehicle substantially impaired the use, value, and safety of the vehicle.
 {¶ 28} This portion of Forest River's assignment of error is overruled.
 ISSUE II {¶ 29} Herein, Forest River essentially asks this Court to reverse its previous decision the claimed window defects fall within the purview of R.C. 1345.72, et seq. The sole assignment of error sustained in the first appeal asked this Court to determine whether a window defect in a motor home is covered by Ohio's lemon law. Because of the narrow scope of the original appeal resulted in the matter being reversed and remanded, we decline further review of this issue under the doctrine of the law of the case.
 {¶ 30} Forest River's second issue is overruled.
 ISSUE III {¶ 31} R.C. 1345.73 provides:
 {¶ 32} "It shall be presumed that a reasonable number of attempts have been undertaken by the manufacturer, its dealer, or its authorized agent to conform a motor vehicle to any applicable express warranty if, during the period of one year following the date of original delivery or during the first eighteen thousand miles of operation, whichever is earlier, any of the following apply:
 {¶ 33} "(A) Substantially the same nonconformity has been subject to repair three or more times and either continues to exist or recurs;
 {¶ 34} "(B) The vehicle is out of service by reason of repair for a cumulative total of thirty or more calendar days."
 {¶ 35} Forest River asserts a genuine issue of material fact exists as to whether the three time repair element as well as the thirty days out of service element were satisfied. Forest River submits the water leak in the rear bedroom window was not "a defect," but rather the design of the window; therefore, three of the five repair dates upon which appellees predicate their cause of action are outside the scope of the lemon law, and also must be excluded when compiling the thirty days out of service. Appellees concede if the rear bedroom window does not fall within the definition of nonconformity, the vehicle would not have been out of service thirty or more days. As set forth, supra, R.C. 1345.71(E) defines "nonconformity" as any defect or condition which substantially impairs the use, value or safety of the vehicle. Although the rear window may not be a "defect," we find such is a "condition" which substantially impaired the Lesjaks' use, value, or safety of the vehicle. We further find R.C. 1345.73(A) and (B) have been satisfied.
 {¶ 36} Forest River's third issue is overruled.
 {¶ 37} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.
Hoffman, P.J., Boggins, J., concur and Farmer, J. dissents.
[1] RV American, Inc. is not a party to this appeal.
[2] Testimony concerning appellees' use of the vehicle elicited by appellant at the Febraury 26, 2003 damages hearing cannot be considered for purposes of ruling on appellees' motion for partial summary judgment.